UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor M.S. | No. 26-264 (KMM/EMB) |
| Plaintiff, | |
| v. | **ORDER** |
| Noem, et al, | |
| Respondents. | |

This matter is before the Court on petitioner Victor M.S.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Victor M.S.'s habeas petition.

## Background

Petitioner Victor M.S., is a citizen of Mexico.  Act. [ECF 1, ¶ 65][2] He entered the United States most recently in 2007, and has resided here ever since. He lives here with his family, including children who are U.S. citizens, and he is a business owner. In 2018 he applied for status pursuant to Form I-918, Supplement A as a Family Member of U-1 Visa Recipient. In 2022, he was given employment authorization and deferred action, valid through September 26, 2026. He states that he has only very minimal and very old criminal history, and Respondents do not refute that assertion, nor allege that any criminal history justifies his detention.

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as Petitioner.

[2] Petitioner filed a lengthy Verified Petition for a Writ of Habeas Corpus with a uniquely detailed statement of facts. [ECF 1, ¶ 65-75] It was supported by numerous exhibits substantiating its assertions. [ECF 3] Respondents do not dispute any of factual or procedural history set forth in the petition, so the Court accepts it as true for the purposes of its analysis.

Victor M.S. was arrested on January 13, 2026 by ICE Agents acting as part of Operation Metro Surge. He was shown neither an administrative nor a judicial warrant. It appears that he is being held in part due to a recent policy of full immigration enforcement, even against people with pending U-Visa petitions and benefit petitions.

Respondents' position appears to be that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).[3] They do not point to any other basis for his detention, or suggest that he has criminal history triggering other mandatory detention provisions.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

---

[3] Respondents do not grapple with several of the unique arguments raised by Victor M.S., including his due process arguments and Administrative Procedure Act claims related to the purported revocation of his deferred action status, instead filing a standard response preserving its arguments in opposition. Implicit in this response appears to be a concession that Petitioner is in fact being held pursuant to 8 U.S.C. § 1225(b)(2), rather than another statute. Respondents also candidly concede that the Court has ruled contrary to this position in recent cases. Likewise the Court does not need to address the more complex independent bases purportedly supporting Victor M.S.'s petition, because a straightforward application of the Court's prior precedent achieves the same result.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Victor M.S. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

## Propriety of Immediate Release

Petitioner Victor M.S. alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest nor produced one to the Court. This is so despite clear allegations in the Verified Petition that a warrant is a prerequisite to detention under § 1226(a), and Victor M.S.'s claim that no warrant was shown or referenced. As Judge Tostrud recently explained "[s]ection 1226 provides that *'[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant, and no allegation of a violation of the conditions of his previous release. Therefore the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, January 12, 2026)(same). Similarly, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion of violation of any of Victor M.S.'s previous conditions of supervision, deferred status requirements, or work permit conditions, release is the correct remedy.

3

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Victor M.S. Such release shall be on the same terms and conditions that governed Victor M.S. status previously, if there were conditions of release imposed.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Date: January 18, 2026                         *s/Katherine M. Menendez*
                                               Katherine M. Menendez
                                               United States District Judge