UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

VICTOR M. S.,

      Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; PAMELA BONDI, *Attorney General*; IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Field Office Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; U.S. DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRAITON SERVICES;

      Respondents.

No. 26-cv-264 (KMM/EMB)

**ORDER**

---

This matter is before the Court concerning Respondents' noncompliance with the Court's previous Orders. The Court's patience is growing thin and the Court expects Respondents to take seriously the obligations imposed by the Court's Orders.

On January 18, 2026, this Court issued an Order requiring Respondents to release Petitioner from detention within 24 hours. On January 20, 2026, Petitioner advised that Respondents had released him from custody, albeit after the 24-hour deadline, and that

1

when they had done so, they required him to wear an ankle bracelet and confiscated his Minnesota issued identification as well as his work permit from the U Visa program in which he was a participant. (Dkt. 11.) On February 10, 2026, the Court Ordered Respondents to lift any conditions of Petitioner's release that were not previously imposed, including supervision under ankle monitoring; and to file an update by 5:00 p.m. on February 12, 2026 about their efforts to return Petitioner's property, including his identity documents. (Dkt. 13.)

On February 12, Respondents advised only that the Department of Homeland Security rescinded all conditions of release for Petitioner. (Dkt. 14.) Respondents said nothing about their efforts to return Petitioner's property. Because Respondents failed, in part, to comply with the Order's requirement that they update the Court about their efforts to return Petitioner's property, the Court issued another Order on February 13, 2026, which stated: "**by no later than 5pm on February 14, 2026, Respondents shall file an update about their efforts to return Petitioner's property, including his identity documents**." (Dkt. 15.)

Respondents did not file an update on February 14, 2026, but did submit a letter providing a status update at 7:56 PM on February 15, 2026. (Dkt. 16.) The letter states:

> Dear Judge Menendez:
>
> This letter is to update the Court that a search for Respondent's documents is ongoing. DHS records show that the Temporary Alien File (T-File) is in transit from El Paso, Texas, to Minnesota. Once the T-File arrives in Minnesota, DHS will review the contents therein for the Respondent's documents and provide an update or coordinate return of the same.

I appreciate the Court's and Counsel's patience on the same.

(Dkt. 16.)

Petitioner has been out of custody for nearly a month, and concerns about the location of his property have been an issue since then. Although the Court has not previously issued an explicit Order requiring the return of Petitioner's property, its efforts to ensure that it is returned to him have, as yet, not been effective. Accordingly, the Court expressly requires return of all property seized from Petitioner at the time of his arrest. In addition, as set forth below, the Court requires another status update from Respondents, and if Petitioner's property is not promptly returned, the Court will set an evidentiary hearing.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Without further delay, Respondents are required to return all of Petitioner's personal effects seized during his arrest, including but not limited to his immigration paperwork and other identification documents. His property must be returned in the same condition as it was in at the same time he was arrested.

2. Respondents must file a status update on this issue **no later than February 20, 2026**.

3. If Petitioner's property has not been returned by February 20, 2026, the Court will schedule an evidentiary hearing at which Respondents will be required to produce a witness to testify regarding the location of Petitioner's property and the reasons for the failure to promptly return it to Petitioner.

Date: February 17, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Court